# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ANTONIO MORENO-MEMBACHE,

Defendant.

Criminal Case No. 12-cr-134-05 (BAH)

*13cr134-05 (BAH)*

Judge Beryl A. Howell

## SEALED

## STANDING ORDER FOR CRIMINAL CASES

### READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE.

It is the responsibility of counsel and the Court "to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." FED. R. CRIM. P. 2.  In order to administer this case in a manner consistent with this responsibility, it is **ORDERED** that the parties comply with the following directives:

1. **CORPORATIONS AS DEFENDANT OR VICTIM**
   To facilitate the Court's determination of the need for recusal, in all criminal cases where a nongovernmental corporation is a defendant, counsel of record for that corporation shall file, in accordance with Federal Rule of Criminal Procedure 12.4(a)(1) and Local Criminal Rule 44.6[1], a certificate listing for that party any parent corporation, subsidiary or affiliate, which to the knowledge of counsel has any outstanding securities in the hands of the public, or any publicly held corporation owning 10 percent or more of its stock.  Such certificate shall be filed at the time of the counsel's first appearance.  The government shall disclose, pursuant to Federal Rule of Criminal Procedure 12.4(a)(2), the same information for any corporation that is a victim of the alleged criminal activity.  Counsel and the government shall have a continuing obligation to advise the Court of any change.

2. **COMMUNICATIONS WITH CHAMBERS**
   Except as authorized in this order, the parties may not contact chambers by telephone.  If extraordinary circumstances or emergencies require it, however, counsel should contact chambers jointly via telephone conference call to avoid *ex parte* communications.  Chambers will not provide legal advice of any kind.

---

[1] The Local Criminal Rules are available at http://www.dcd.uscourts.gov/dcd/rules-forms.

3.  **STATUS CONFERENCES**
    As early as the arraignment or at the initial status conference, which will be scheduled *within three weeks following the arraignment*, counsel should be prepared to discuss the following issues relevant to the progress of the case:
    a.  Whether the parties have discussed the possibility of an early resolution of the case without trial and, if so, the results of that discussion;
    b.  Whether any period of excludable delay should be ordered under the Speedy Trial Act and the amount of time remaining under the Speedy Trial Act before trial must commence;
    c.  Whether a schedule should be set concerning any matter in the case other than trial, including for the filing of motions by the defendant to sever, dismiss, or suppress under FED. R. CRIM. P. 12(b) or any other motion requiring a ruling by the Court before trial and date(s) for interim status conferences and/or the pre-trial conference;
    d.  Whether outstanding discovery issues require resolution by the Court;[3]
    e.  Whether a trial is anticipated and, if so, its anticipated length;
    f.  Whether any features of the case may deserve special attention or modification of the standard schedule, including whether the defendant intends to raise a defense of insanity or public authority; whether the government has requested notice of alibi by the defendant and, if so, whether the defendant has timely responded; and
    g.  Any other matters relevant to the progress or resolution of the case.

4.  **INTERPRETIVE SERVICES**
    Counsel shall notify the Courtroom Deputy Clerk at least *ten days in advance* of any status conference, motions hearing, plea or trial if the defendant or any witness will require interpretative services provided by the Court.

5.  **MOTIONS - GENERALLY**
    a.  <u>Format</u>.  Motions and related submissions must comply with Local Criminal Rules 47 and 49.1.  A party filing or opposing a motion must include a proposed order setting forth the relief or action sought.  Submissions should be double-spaced, in 12-point Times New Roman font, with page numbers and margins of no less than one inch.  All citations contained in submissions must include exact page references (pincites).  Memoranda of points and authorities in support of and in opposition to motions **may not exceed 45 pages, and replies may not exceed 25 pages.**  LCrR 47(e).
    b.  <u>Copy for Chambers.</u>[4]  A courtesy copy, marked as such, must be provided to the Court for any submission that (a) is more than 30 pages; or (b) is filed under seal.[5]  Before delivering the courtesy copy to chambers, parties should file the original submission.
    c.  <u>Oral Argument</u>.  Pursuant to Local Criminal Rule 47(f), parties may include a request for oral argument in their motion or opposition or reply papers.  The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

---

[3] In this regard, the Court strongly encourages the parties to attempt to resolve all discovery disputes informally.  If a party must file a motion pertaining to a discovery matter, the motion must comply with Local Criminal Rule 16.1.

[4] This paragraph does not apply to *in camera* submissions.

[5] Parties must deliver a courtesy copy to chambers of any sealed submission on the day it is filed with the Court to avoid any delay in receiving notice of the sealed matter.

6. **MOTIONS FOR EXTENSION OF TIME OR RESCHEDULING HEARING**
   Motions for extensions of time or for continuances of Court proceedings are strongly
   discouraged.  The parties should work within the time frames set by Court order.
   a. <u>Timing and content</u>.  When good cause is present, the Court will consider a motion for an
      extension of time that is filed ***at least 4 business days prior*** to the deadline the motion is
      seeking to extend or the scheduled hearing date[6]; and states:
      i. the original date of the deadline the motion is seeking to extend or the scheduled
         hearing date;
      ii. the number of previous extensions of time or continuances granted to each party;
      iii. the good cause supporting the motion;
      iv. the effect that the granting of the motion will have on existing deadlines;
      v. for motions, suggested deadlines (reached in consultation with the opposing party) for
         the filing of any opposition and reply papers; for continuances, three alternative dates
         and times that are convenient to all parties; and
      vi. the opposing party's position on the motion, including any reasons given for refusing
          to consent.
   b. <u>Opposition</u>.  A party opposing a motion for an extension of time must file, **by 5:00 PM
      the day after the motion is filed, the party's reasons for opposing the motion.**  If no
      such explanation is provided to the Court within this time frame, the motion shall be
      deemed conceded.

7. **PLEA HEARINGS**
   *At least 4 business days*[7] before the hearing, counsel must submit to the Court:
   a. the written plea agreement or an outline of the agreement if it has not been reduced to
      writing, and –
      i. specification of the type of agreement under FED. R. CRIM. P. 11(c); and
      ii. for any plea agreement that includes a nonbinding recommendation, under FED. R.
          CRIM. P. 11(c)(1)(B) or a binding sentencing range, under FED. R. CRIM. P.
          11(c)(1)(C), that is outside the applicable guideline range, a statement setting forth
          with specificity the justifiable reasons for a sentence that is outside the applicable
          range, *see* 18 U.S.C. § 3553(c); *Guidelines Manual* §6B1.2(b), (c);
   b. any superseding indictment or new information, if applicable;
   c. for each count to which the defendant intends to plead guilty:
      i. the elements of the offense;
      ii. the factual proffer the defendant is prepared to acknowledge;
      iii. the applicable statutory minimum (if applicable) and maximum penalty;
      iv. the estimated applicable Guideline offense level and range; and
   d. if the defendant is not a United States citizen, written notice as to whether the defendant
      will be pleading guilty to an "aggravated felony" as defined by 8 U.S.C. § 1101(a), which
      would subject the defendant to mandatory deportation.

8. **JOINT PRETRIAL STATEMENT**

---

[6] In the event of an emergency, the four-day rule may be waived, but counsel must still file a motion in writing.
[7] A "business day" is any day that is not a Saturday, Sunday, or "legal holiday" as defined by Federal Rule of Civil
Procedure 6(a).

The parties must file with the Court, and provide a courtesy copy to chambers, *at least 10 business days before the pretrial conference,* unless a different time is set by the Court, a Joint Pretrial Statement that includes:

   a. written statements (i) by the government setting forth the terms of any plea offer made to the defendant and the date such offer was made and lapsed; and (ii) by defense counsel indicating (1) the dates on which the terms of any plea offer were communicated to defendant and rejected, *see Missouri v. Frye,* 132 S. Ct. 1399, 1408 (2012) ("[D]efense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."), and (2) the potential sentencing exposure communicated by the defense counsel to defendant and the date on which such communication occurred, *see United States v. Rashad,* 331 F.3d 908, 912 (D.C. Cir. 2003);
   b. a one-paragraph joint statement of the case for the Court to read to prospective jurors;
   c. proposed *voir dire* questions that include:
      i. the *voir dire* questions on which the parties agree; and
      ii. the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);
   d. list and text of proposed jury instructions, which are formatted so that each instruction begins on a new page, and indicate:
      i. the instructions to which the parties agree;
      ii. the instructions to which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and the proposed instruction's source (e.g., the Red Book, Matthew Bender's Federal Jury Instructions) or, for modified or new instructions, its supporting legal authority (e.g., *United States v. Taylor,* 997 F.2d 1551, 1555-6 (D.C. Cir. 1993));
   e. a list of expert witnesses, accompanied by a brief description of each witness' area of expertise and expected testimony, followed by specific objections (if any) to each witness;
   f. any motions *in limine* to address issues the parties reasonably anticipate will arise at trial (*see infra ¶ 9 regarding briefing on motions in limine*);
   g. a list of prior convictions that the government intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;
   h. a list of exhibits that each party intends to offer during trial, together with the exhibits marked numerically. The written list must contain a brief description of each exhibit, and the defendant and the count to which the exhibit pertains. If the total number of pages of exhibits exceeds 25, the parties should submit the exhibits in a separate binder. The defense may provide the same to the Court *in camera.*
   i. any stipulations signed by counsel and the defendant(s); and
   j. a proposed verdict form that includes a date and signature line for the jury foreperson, as well as proposed special interrogatories (if any).

## 9. MOTIONS IN LIMINE
   a. Timing. Motions *in limine* shall be *fully briefed at the time of the Pretrial Conference.* Accordingly, the moving party's motion *in limine* and supporting memorandum shall be filed and served upon the opposing party no later than the date of filing the Joint Pretrial Statement. The opposition shall be filed and served upon the moving party *within 5 days*

of service of the motion *in limine*.  Any reply shall be due ***within 2 days*** of service of the opposition.

b. <u>Oral Argument</u>.  Oral argument on motions *in limine*, if necessary, shall occur at the Pretrial Conference.

c. <u>Tardy Motions</u>.   The Court will entertain late motions for which there is a ***compelling*** explanation only if filed at least ***8 days prior*** to the date set for jury selection.  Oppositions to late motions must be filed at least ***5 days prior*** to jury selection, and replies must be filed at least ***4 days prior*** to jury selection.  The Court will not consider motions *in limine* that relitigate issues already resolved by the Court.  Counsel are to provide the Court with courtesy copies of these submissions.

## 10. RECORDINGS

If there are recordings to be used in this case, counsel for both sides shall resolve any disputes between any alleged inaccuracy of the transcripts and the recordings.  If it proves impossible for counsel to resolve the dispute, they shall so advise the Court ***at least four days before*** trial so that the dispute may be resolved without causing any delay in the trial and concomitant inconvenience to the jury.

## 11. TRIAL PROCEDURES

The following rules are intended to ensure that the trial proceeds in a fair, efficient, and dignified manner:

a. <u>Schedule</u>. Unless the parties are notified otherwise, the Court will convene the jury portion of the trial from 9:30 a.m. to 12:30 p.m. and 1:45 p.m. to 5:00 p.m., Monday through Friday, unless the trial is expected to last more than two weeks, in which case the jury will not sit on some Fridays.  The parties must be in the courtroom at least 5 minutes before Court is scheduled to begin or resume.  After trial begins and following recesses, the defendant is required to be present unless prior approval is obtained from the Court for the defendant to be absent.

b. <u>General Courtroom Rules</u>.  The Court expects the parties to exercise civility at all times.  Unless leave is otherwise granted, counsel shall:

   i. examine witnesses or address the jury from the lectern;
   ii. obtain permission before approaching a witness during examination;
   iii. stand when raising objections;
   iv. remain in the courtroom once Court is in session;
   vi. direct all statements to the Court rather than to the opposing party; and
   vii. refer to all witnesses, over the age of 18, including their client, as "Mr." or "Ms." rather than by first name or nickname.

c. <u>*Voir Dire*</u>.  The Court will conduct *voir dire* and will consider proposed *voir dire* questions submitted by the parties.  Where warranted, the Court will allow the parties to propose additional questions of prospective jurors at the bench during *voir dire*.

d. <u>Technical Equipment</u>.  Parties who would like to use technical equipment (e.g., overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerk's office at (202) 354-3019 to arrange for the technical equipment to be in the Courtroom.

e. <u>Motions or Objections During Trial</u>.

  i. **No evidentiary objections shall be argued in the presence of the jury.** Counsel must state clearly and succinctly the legal basis in a word or phrase for objections. To protect the record for appellate review, a party may explain or amplify its objections on the record after the jury has been excused. Parties should not request bench conferences in lieu of filing motions or raising objections.

  ii. For motions to be resolved on the following trial day, unless another schedule is set by the Court, the parties must submit motions to the Court (by fax transmission to (202) 354-3452, hand-delivery or email[8]) and the opposing party by no later than 9:00 p.m. on the day the issue arises. The opposing party must submit its response (if any) to the Court and the moving party by no later than 8:00 a.m. on the following day, using one of the same methods noted above.

 f. <u>Bench Conferences</u>.

  i. A bench conference should be requested only when necessary because counsel intends to refer to issues requiring pre-clearance (e.g., anticipated questions or testimony may refer to missing witness or potentially inflammatory subject matter).

  ii. Counsel should not expect requests to approach the bench to be routinely granted and should, instead, consider whether the issue counsel wishes to address at the bench can wait until the jury is excused for a recess.

 g. *Sua Sponte* <u>Jury Instructions</u>. If events during trial necessitate an immediate *sua sponte* jury instruction, the party requesting the instruction must provide the Court with the text of the proposed instruction or else the Court will consider the request waived. If a party would like the instruction included in the Court's final instructions to the jury, that party bears the responsibility of making such a request to the Court by no later than 4:00 pm on the day prior to the day on which the Court will give the final instructions.

 h. <u>Witness Examination</u>.

  i. Pursuant to Local Criminal Rule 44.2, unless otherwise permitted by the Court, only one attorney for each side shall examine a witness, address the Court, or question a witness during trial, or address the Court or jury in final argument.

  ii. A party calling a witness must arrange for the witness' presence until cross-examination is completed. Failure to have a witness present for cross-examination is grounds for striking the witness' testimony. Except in extraordinary circumstances, the Court will not recess simply because a witness is unavailable.

  iii. With the exception of the parties or their representatives, all witnesses must remain outside the courtroom except when testifying. FED. R. EVID. 615.

  iv. Except for a defendant-witness, counsel calling a witness (including law enforcement officers or investigators) to testify must have no further discussions with that witness concerning any aspect of the testimony already given or anticipated after the witness has been tendered for cross-examination and until the witness has been tendered back for redirect. With regard to a defendant-witness, the Court refers the parties to the guidelines set forth in *United States v. McLaughlin*, 164 F.3d 1, 4-7 (D.C. Cir. 1998), *cert. denied*, 529 U.S. 1079 (1999).

 i. <u>Closing Arguments</u>. Throughout the trial and in closing arguments, counsel shall not:

  i. comment adversely on the failure of a defendant to testify on his or her own behalf;

  ii. make statements of personal belief to the jury;

---

[8] The submission by e-mail should be addressed to Howell_Chambers@dcd.uscourts.gov, unless otherwise directed by the Court.

   iii.  engage in personal attacks on other counsel;

   iv.  appeal to the self-interest of the jurors;

   v.  make potentially inflammatory racial, political, or religious comments;

   vi.  state personal opinions that concern the credibility of witnesses or that imply personal knowledge;

   vii.  comment on or argue inferences from matters or facts that are not in evidence or that have been excluded;

   viii.  allude to appellate processes;

   ix.  make remarks likely to invoke the jury's sympathy or to excite the jury's prejudice and passions;

   x.  make statements regarding the consequences of the jury verdict (e.g., "message to society" via the verdict or potential punishment); or

   xi.  make any "golden rule" argument (i.e. arguments in which the government asks jurors to place themselves or their loved ones in the shoes of the victim, or the defense asks jurors to place themselves or their loved ones in the shoes of the defendant).

## 12. SENTENCING HEARING

a. <u>Timing</u>. Sentencing will generally be scheduled approximately ninety days after entry of the plea or conviction.

b. <u>Presentence Report</u>. The probation officer assigned to the case shall disclose the draft pre-sentence investigation report to the parties ***within 45 days*** after referral. The parties must submit objections (if any) in writing to the probation officer and opposing party ***within 14 days*** of that disclosure. FED. R. CRIM. P. 32(f). The probation officer shall disclose to the parties and file with the Court the final pre-sentence investigation report, noting any unresolved objections, ***within 10 days*** of the submission of objections. In addition to the presentence investigation report, the probation officer's sentencing recommendation submitted to the Court is available for review by the parties.

c. <u>Sentencing Memoranda</u>. Any memorandum in aid of sentencing must be submitted ***at least 5 business days*** before the date of the sentencing, with responses (if any) submitted ***at least 3 business days before the date of the sentencing***. These memoranda and any responses thereto must cite to supporting legal or other authority on which the parties intend to rely. In addition, a party wishing to present witnesses at the sentencing hearing must submit with the memorandum, a witness list that identifies the relationship, if any, of each witness to the defendant and a brief summary of the purpose or subject matter of the testimony.

d. <u>Letters</u>. Letters from family members, friends or work associates that the defendant wishes the Court to consider in connection with sentencing ***should not be sent directly to chambers*** but should be attached to the sentencing memorandum submitted by counsel.

**SO ORDERED**.



Digitally signed by Beryl A. Howell
DN: cn=Beryl A. Howell, o=District Court
for the District of Columbia, ou=United
States District Court Judge,
email=Howell_Chambers@dcd.uscourts
.gov, c=US
Date: 2014.10.24 13:44:17 -04'00'

DATED:     October 24, 2014

BERYL A. HOWELL
United States District Judge