

**FILED**
JAN 20 2016
Clerk, U.S. District and
Bankruptcy Courts

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO.: 1:13-cr-134 (BAH) |
| | ) |
| ANTONIO MORENO MEMBACHE, | )   13cr134-05 (BAH) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

The United States of America, through the Narcotic and Dangerous Drug Section of the Criminal Division, United States Department of Justice (the "United States" or "government") and ANTONIO MORENO MEMBACHE (the "Defendant"), enter into the following Plea Agreement ("Plea Agreement"):

1.  The Defendant knowingly and voluntarily agrees to plead guilty to Count One of the Indictment, which charges the Defendant with conspiracy (1) to knowingly and intentionally distribute, and possess with intent to distribute, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on board a vessel subject to the jurisdiction of the United States, and (2) to knowingly and intentionally distribute, and possess with intent to distribute, 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule 1 controlled substance, on board a vessel subject to the jurisdiction of the United States, all in violation of Title 46, United States Code, Sections 70503 and 70506(b), Title 21, United States Code, Sections 960(b)(1)(B) and (b)(2)(G), and Title 18, United States Code, Section 2. The Defendant agrees that this is a wired plea agreement with his co-Defendants Joaquin Chang-Rendon and Alfredo Mosquera-Murillo, and that this agreement is void if these co-Defendants do not plead guilty.

2.  The Defendant agrees to the Joint Statement of Facts signed by him which is

1

attached to this Plea Agreement and incorporated herein.

3. The Defendant understands that the crime to which the Defendant is pleading guilty carries a statutory maximum term of life imprisonment, a fine not to exceed $10,000,000, and a period of supervised release of at least five (5) years.

4. The Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 46 U.S.C. § 70503 is ten (10) years imprisonment, unless the Court finds that relief under U.S.S.G. Section 5C1.2 and 18 U.S.C. § 3553(f) (hereinafter "Safety Valve") is permissible and warranted.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed, a special assessment in the amount of $100 will be imposed. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Defendant and the government agree that, pursuant to F.R.Cr.P 11(c)(1)(C), a sentence of 120 months confinement is the recommended sentence for the offense to which the Defendant is pleading guilty, unless the Court finds that Safety Valve relief is permissible and warranted. This plea agreement shall be presented to the District Court for its approval.

7. If the District Court accepts the plea agreement, and the specific sentence recommended by the parties, the Defendant understands that the Court will impose a sentence of 120 months confinement, pursuant to Rule 11(c)(4), unless the Court finds that Safety Valve relief is permissible and warranted. The parties understand that the District Court may reject the plea agreement pursuant to Rule 11(c)(5). If this happens, the Court will so advise the parties of its rejection of the plea agreement, and will give the Defendant an opportunity to withdraw his guilty plea, or if the Defendant persists in his guilty plea, the Court will inform the Defendant that a final disposition may be less favorable to him than contemplated by this plea agreement.

8.      The United States and the Defendant may inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.

9.      Though the parties are recommending an 11(c)(1)(C) plea to the District Court, the parties understand that the presentence report will include a calculation of the advisory guideline range.  The United States and the Defendant believe the Defendant's criminal history is Category I.  The Defendant understands and agrees that the *Smith* departure has been factored into the recommended sentence and is incorporated therein.  The government agrees not to seek any of the adjustments set out in U.S.S.G. Chapter 3, Part B.  The Defendant is permitted to request relief under Safety Valve provisions, and the Government is permitted to argue that the Safety Valve provisions do not apply to the maritime offense to which the Defendant has agreed to plead guilty and that, in any event, the Defendant does not meet the criteria to qualify for Safety Valve relief.

10.     The Defendant agrees that, pursuant to 18 U.S.C. § 3143, he shall remain detained without bond pending his sentencing in this case.

11.     In entering this plea of guilty, the Defendant understands and agrees to waive any rights which arise pursuant to F.R.Cr.P 11(f) and F.R.E. 410, except that the defendant does not waive these rights if the plea is withdrawn pursuant to Rule 11(d)(2)(A).  As a result of this limited waiver, the Defendant understands that any statements made in the course of his guilty plea may be admissible against him for any purpose in any criminal or civil proceeding if his guilty plea is subsequently withdrawn, except if the plea is withdrawn pursuant to Rule 11(d)(2)(A).  Further, in the event the Defendant is ever a witness at any trial or other judicial

proceeding, or presents testimony or evidence through other witnesses, and his testimony or such evidence presented through others is different from, contradicts, or in any manner is inconsistent with statements made or information supplied by him pursuant to this plea agreement or at his change of plea or sentencing hearing, the attorney for the United States may cross-examine the Defendant and any other witnesses concerning any such prior statements or evidence. Evidence regarding such statements may also be introduced by the United States as rebuttal evidence.

12. The United States reserves the right to dispute sentencing factors or facts material to sentencing and to use any information or material, whether or not obtained from the Defendant pursuant to this Plea Agreement, to correct any factual errors or positions asserted by the Probation Office or the Defendant.

13. The Defendant represents to the Court that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is in fact guilty, and represents to the Court that he is fully satisfied with the legal advice, guidance and representation he has received from his attorney.

14. The Defendant is aware that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, including any challenges to the constitutionality of the Sentencing Guidelines, unless the sentence exceeds the maximum permitted by statute or results from an upward departure from the guideline range established by the Court at sentencing. However, the Defendant reserves his right to appeal the specific and limited issue of whether a defendant convicted under the Maritime Drug Law Enforcement Act is

eligible for relief under the Safety Valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, and whether the Defendant meets the criteria to warrant relief under the Safety Valve. The Defendant further understands that nothing in this plea agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the Defendant's sentence pursuant to § 3742(b), the Defendant shall be released from the above waiver of appellate rights. By signing this plea agreement, the Defendant and counsel for the Defendant acknowledge that they have discussed the appeal waiver with each other. The Defendant also waives any right to have facts that determine his sentence under the guidelines alleged in the indictment or found by a jury beyond a reasonable doubt.

15. In addition to the waiver of any other right resulting from his plea, the Defendant waives, without limitation, any right to challenge or appeal any claim that the Defendant and his crimes were not subject to the jurisdiction of the United States, to include under the Maritime Drug Law Enforcement Act, codified at 46 U.S.C. § 70501, et seq.

16. The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to a drug trafficking offense, removal is presumptively mandatory. Because removal and other immigration consequences are the subjects of a separate proceeding, the Defendant understands that no one, including the Defendant's attorney(s) or the District Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences

that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

17. Nothing in this plea agreement shall be construed to prohibit the United States from using any statements, information, documents, or physical evidence obtained from the Defendant pursuant to this plea agreement to prosecute him for perjury, false statement, and/or obstruction of justice, or any other offense committed by him.

18. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any United States department or agency, any records that may be sought under the Freedom of Information Act (5 U.S.C. Section 552) or the Privacy Act (5 U.S.C. 552a.) The Defendant also waives any right to collaterally attach his conviction or sentence, including a petition under 28 U.S.C. Section 2255 or 28 U.S.C. Section 2241, except that the Defendant retains the right to claim that his counsel was ineffective.

19. The Defendant agrees, if his conviction is vacated, that the statute of limitations and his speedy trial rights will be tolled from the date that this plea agreement is signed, until the date the Defendant makes his initial appearance before the District Court after the Defendant's conviction is vacated, with respect to any prosecution that is not time barred on the date of this agreement. The Defendant agrees that venue is proper in the District of Columbia and waives any claim of lack of venue.

20. This plea agreement only binds the Narcotic and Dangerous Drug Section, Criminal Division, United States Department of Justice. It does not bind any other office or agency of the United States Government or United States Attorney's Office. These offices and agencies remain free to prosecute the Defendant for any offense(s) committed within their respective jurisdictions.

21. There are no other agreements, promises, understandings or undertakings between the Defendant and the government. The Defendant understands and acknowledges that there can be no valid addition or alteration to this Plea Agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

ARTHUR WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By: _____    Approved By: _Paul Laymon_
Adrienne Rose, Trial Attorney        Paul Laymon
Narcotic and Dangerous Drug Section   Assistant Deputy Chief
Criminal Division
U.S. Department of Justice     Date: 1/20/16

### DEFENDANT'S ACCEPTANCE

I have reviewed this Plea Agreement, and have discussed it at length with my attorney. This Plea Agreement has been translated into Spanish for me. I understand that the English version controls. I fully understand this Plea Agreement and agree to it. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one (1).

I reaffirm that no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

_moreno membache_            1/20/16
ANTONIO MORENO MEMBACHE      Date
Defendant

### ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Plea Agreement with the Defendant. The Defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of the consequences of the Defendant's plea of guilty.

_Carmen A. Hernandez_        1/20/16
Carmen Hernandez              Date
Attorney for Defendant

7